ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-24-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
ZU GUO YANG, XIAO HONG WANG, BAO LAN
DENG, CINDY CHAN, MOOI YANG, and
LING MEI ZHANG,

             Plaintiffs,

    - against -

SHANGHAI CAFE INC., SHANGHAI CAFE
DELUXE INC., GRACE LAU, YUNG MEI
KU, PING LIN, and JOSEPH TANG,

             Defendants.
- - - - - - - - - - - - - - - - - - - -X

**OPINION AND ORDER**

10 Civ. 8372 (LLS)

    The amended complaint alleges that defendants committed wage and hour violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2006), and the New York Labor Law and regulations.

    Defendants Joseph Tang and Shanghai Cafe Deluxe Inc. ("Deluxe") each move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Deluxe requests that if necessary, its motion be converted to a motion for summary judgment.

## BACKGROUND

    The following allegations from the amended complaint are accepted as true on this motion to dismiss. See Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009).

    Defendant Shanghai Cafe Inc. ("Shanghai") was organized on or about November 14, 2002, and was dissolved on or about

September 17, 2010. Am. Compl. ¶¶ 14-15. It operated Shanghai Café (the "Restaurant"), which was located at 100 Mott Street in Manhattan, until June 8, 2010. Id. ¶ 41. Deluxe was organized on or about June 15, 2010, has operated Shanghai Café Deluxe (the "New Restaurant") since then at the same address, and is allegedly Shanghai's successor. Id. ¶ 3, 16-17, 102.

Plaintiffs worked at the Restaurant: Zu Guo Yang and Xiao Hong Wang as cooks, Bao Lan Deng as a dim sum maker, and Cindy Chan, Mooi Yang, and Ling Mei Zheng as servers. Id. ¶¶ 8-13.

On June 8, 2010, the Restaurant closed and all of the plaintiffs were discharged. Id. ¶ 44. On June 21, 2010, the New Restaurant opened "at the same location, 100 Mott Street," "under the same or substantially the same name, and upon information and belief, the same management," using "most or all of the existing equipment and inventory" and "relying on the same customer base" as the Restaurant. Id. ¶¶ 45, 88, 90-91. "Although the sign on the front of the restaurant changed from 'Shanghai Café' to 'Shanghai Café Deluxe,' the Chinese name . . . on the sign remained unchanged and the menus still, at least as of November 2010, list the restaurant's name as 'Shanghai Café.'" Id. ¶ 89.

Tang was an owner of Shanghai, and is an owner of Deluxe. Id. ¶¶ 33-34. The amended complaint further alleges:

> 35. Defendant Grace Lau has referred to Defendant

>  Joseph Tang, in the Chinese language, as the "big boss" in the presence of some or all of the Plaintiffs.
>
>  36. Upon information and belief, at some or all times relevant to this action, Defendant Joseph Tang has had the power to hire and fire Plaintiffs and other non-managerial workers at Shanghai Café and control the terms and conditions of their employment.
>
>  37. At some times relevant to this action, Defendant Joseph Tang would spend one to several days a week, several hours at a time, at Shanghai Café acting as a manager/supervisor. For example, Defendant Joseph Tang would sometimes direct the servers to hand out menus to the restaurant's customers and on how to answer the restaurant's telephone.

Plaintiffs claim defendants failed to pay salaries in accordance with federal and state minimum wage laws, id. ¶¶ 49-66, failed to compensate plaintiffs at an overtime rate for hours worked in excess of forty per week, id. ¶¶ 67-72, did not provide spread-of-hours pay for hours worked in excess of ten per day, id. ¶¶ 73-76, and illegally retained portions of the server plaintiffs' tips, id. ¶¶ 77-83.

Tang contends he is not an employer under either the FLSA or New York Labor Law. Deluxe claims it is not a successor to Shanghai and therefore cannot be held liable for Shanghai's actions.

### DISCUSSION

"When reviewing a motion to dismiss, a court must accept as true all of the factual allegations set out in plaintiff's

complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Rescuecom, 562 F.3d at 127 (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### Tang's Motion

The sole issue in Tang's motion to dismiss is whether he is an employer as defined by the FLSA or New York Labor Law. Under the FLSA, "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." Herman v. RSR Sec. Servs. LTD., 172 F.3d 132, 139 (2d Cir. 1999). A court must view the purported employment relationship "with an eye to the 'economic reality' presented by the facts of each case," id., considering four non-dispositive factors: "'whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records,'" id. (sources of internal quotations omitted).

That "economic reality test" may also be used to determine whether Tang is an employer under the New York Labor Law, "as '[t]here is general support for giving the FLSA and the New York Labor Law consistent interpretations.'" Doo Nam Yang v. ABCL Corp., 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005) (brackets in original), quoting Topo v. Dihr, No. 01 Civ. 10881 (PKC), 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004).

Tang "had the power to hire and fire Plaintiffs and other non-managerial workers at Shanghai Café and control the terms and conditions of their employment." Am. Compl. ¶ 36. At times, he acted as a "manager/supervisor," ordering servers to hand out menus and instructing them on how to answer the phone. Id. ¶ 37. He was described by Grace Lau, the chairman or CEO of Shanghai, as the "big boss." Id. ¶ 35. Therefore, plaintiffs sufficiently allege the first two factors of the economic reality test.

Plaintiffs have also sufficiently alleged that Tang determined the rate and method of payment, thereby satisfying the third element of the economic reality test. They claim that all "Defendants often did not pay Plaintiffs any wages for some hours worked," and "Defendants compensated some or all Plaintiffs by paying them in cash or a combination of checks and cash without an accompanying pay stub or receipt." Id. ¶¶ 54-55. Defendants also failed to pay overtime and spread-of-hours

wages, and illegally retained several plaintiffs' tips. See id. ¶¶ 110-37. These acts may be imputed to Tang. See Heng Chan v. Triple 8 Palace, No. 03 Civ. 6048 (GEL), 2004 WL 1161299, at *2 (S.D.N.Y. May 24, 2004) ("Since these allegations appear to apply to all defendants, they can reasonably be read to allege that Wong exercised the power to determine the rate and manner of payment . . . ."); see also Shim v. Millenium Grp., No. 08 Civ. 4022 (FB), 2010 WL 409949, at *2 (E.D.N.Y. Jan. 27, 2010) (allegations as to all defendants "establish liability for the individual defendants, as employers under the FLSA").

The amended complaint does not allege that Tang maintained employment records; however, "that this fourth factor is not met is not dispositive," Herman, 172 F.3d at 140; accord Triple 8, 2004 WL 1161299, at *1 (all four factors need not be present to justify a finding of employer status).

The allegations meet three of the four requirements of the economic reality test, allege that Tang "possessed the power to control the workers in question," see Herman, 172 F.3d at 140, and adequately plead that Tang was an employer under the FLSA and New York Labor Law.

### Deluxe's Motion

Deluxe contends that it cannot be held liable for Shanghai's debts because plaintiffs failed to plead properly

that Deluxe is a successor corporation to Shanghai.

> New York law recognizes four common law exceptions to the rule that an asset purchaser is not liable for the seller's debts, applying to: (1) a buyer who formally assumes a seller's debts; (2) transactions undertaken to defraud creditors; (3) a buyer who merged with a seller; and (4) a buyer that is a mere continuation of a seller.

Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 45 (2d Cir. 2003), citing Schumacher v. Richards Shear Co., 451 N.E.2d 195, 198 (N.Y. 1983). The parties do not dispute that successor liability is a question of New York law.

Plaintiffs plead as bases for Deluxe's successor liability that Deluxe and Shanghai met the requirements for a de facto merger, and that there is a substantial continuity of identity between Deluxe and Shanghai.

"A de facto merger occurs when a transaction, although not in form a merger, is in substance a 'consolidation or merger of seller and purchaser.'" Cargo Partner, 352 F.3d at 45, quoting Schumacher, 451 N.E.2d at 198. A "de facto merger is 'analyzed in a flexible manner that disregards mere questions of form and asks whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor.'" Time Warner Cable, Inc. v. Networks Grp., LLC, 09 Civ. 10059 (DLC), 2010 WL 3563111, at *7 (S.D.N.Y. Sept. 9, 2010), quoting Nettis v. Levitt, 241 F.3d 186, 194 (2d Cir. 2001). To determine whether a de facto merger occurred, "courts consider (1)

continuity of ownership; (2) cessation of ordinary business by the predecessor; (3) assumption by the successor of liabilities ordinarily necessary for continuation of the predecessor's business; and (4) continuity of management, personnel, physical location, assets, and general business operation." Nettis, 241 F.3d at 193-94 (applying New York law).

The amended complaint alleges continuity of ownership between Shanghai and Deluxe: that each individual defendant was an owner or shareholder of Shanghai, and is an owner or shareholder of Deluxe. See Am. Compl. ¶¶ 19-34.

The allegations that the Restaurant closed on June 8, 2010, and Shanghai dissolved on September 17, 2010, id. ¶¶ 15, 44, plead cessation of Shanghai's ordinary business.

Plaintiffs also plead the third element of a de facto merger: "Upon information and belief, Defendant Shanghai Cafe Deluxe Inc. assumed liabilities ordinarily necessary for the uninterrupted continuation of Defendant Shanghai Cafe Inc.'s Business." Id. ¶ 93.

The amended complaint elaborates: "Shanghai Café reopened on or about June 21, 2010, under the same or substantially same name and, upon information and belief, the same management." Id. ¶ 45. "Defendants Grace Lau and Ping Lin, who were involved in managing Shanghai Café, remained active in the daily management of Shanghai Café after its ownership was transferred

- 8 -

to Shanghai Cafe Deluxe Inc.," and each was personally served with the summons and original complaint in this action while working at the New Restaurant. Id. ¶¶ 96, 101. Three former employees of the Restaurant were rehired by Deluxe to work in the New Restaurant. Id. ¶ 97. The New Restaurant is located at 100 Mott Street -- the Restaurant's former location -- and "continues to engage in virtually the identical business of Defendant Shanghai Cafe Inc." Id. ¶¶ 88, 92. "Shanghai Café resumed its ordinary business operations using most or all of the existing equipment and inventory" and "relying on the same customer base" as the Restaurant. Id. ¶¶ 90-91.

Therefore the amended complaint sufficiently alleges that Deluxe absorbed and continued the operation of Shanghai, see Nettis, 241 F.3d at 194, to be Shanghai's successor.

### Conversion to Summary Judgment Motions

The parties have also submitted evidence for the Court to consider, and Deluxe requests that its motion to dismiss, if not granted, be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

From the evidence submitted, it appears that material facts, such as whether Tang was a manager, and whether Shanghai's owners and managers now own and manage Deluxe, are genuinely disputed at this stage of the litigation. Accordingly, the case is not an appropriate one for summary

judgment at this point, and no purpose would be served by converting the motions to dismiss to motions for summary judgment.

## CONCLUSION

Tang's motion to dismiss (Docket No. 24) and Deluxe's motion to dismiss (Docket No. 27) are denied. The parties shall appear before me for a scheduling conference on Friday, April 8, 2011, at 12:30 P.M., prepared to submit a proposed Scheduling Order, as described in the Order dated November 15, 2010 (Docket No. 8).

So ordered.

Dated:   New York, New York
         March 23, 2011

                                    _____
                                    LOUIS L. STANTON
                                    U. S. D. J.