ORIGINAL

Case 1:10-cv-08372-LLS   Document 140   Filed 07/29/13   Page 1 of 10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
ZU GUO YANG, XIAO HONG WANG, BAO LAN
DENG, CINDY CHAN, and MOOI YANG

                Plaintiffs,        **MEMORANDUM AND ORDER**

   - against -                     10 Civ. 8372 (LLS)

SHANGHAI CAFE INC., SHANGHAI CAFE
DELUXE INC., GRACE LAU, YUNG MEI
KU, PING LIN, and JOSEPH TANG,

                Defendants.
- - - - - - - - - - - - - - - - - - - -X

      The amended complaint alleges that defendants committed wage and hour violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2006), and the New York Labor Law and regulations.

      Defendant Joseph Tang now moves for summary judgment that he was not plaintiffs' employer under state or federal law, and on his defamation counterclaim. Defendant Shanghai Cafe Deluxe Inc. ("Deluxe") moves for summary judgment that it is not a successor to Shanghai Cafe Inc. ("Shanghai Cafe"), that plaintiff Zu Guo Yang is precluded from recovery because he was a manager of Shanghai Cafe, and that plaintiffs' FLSA claims are statutorily barred.

      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

- 1 -

Civ. P. 56(a). "When deciding a summary judgment motion in a civil case, all factual ambiguities must be resolved in the non-moving party's favor and the court may not weigh the evidence, but rather must only determine whether a genuine issue of fact exists for trial." DeFabio v. E. Hampton Union Free Sch. Dist., 623 F.3d 71, 81 (2d Cir. 2010).

**A.**

Under the FLSA, "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." Herman v. RSR Sec. Servs. LTD., 172 F.3d 132, 139 (2d Cir. 1999). A court must view the purported employment relationship "with an eye to the 'economic reality' presented by the facts of each case," id., considering four non-dispositive factors: "'whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records,'" id. (sources of internal quotations omitted).

That "economic reality test" may also be used to determine whether Tang is an employer under the New York Labor Law, "as '[t]here is general support for giving the FLSA and the New York

Labor Law consistent interpretations.'" Doo Nam Yang v. ABCL Corp., 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005) (brackets in original), quoting Topo v. Dihr, No. 01 Civ. 10881 (PKC), 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004).

Plaintiffs contend that they were interviewed and hired by Tang, see Gulliford Decl. Ex. F at 25:10-27:4; M. Yang Aff. ¶ 4-8; Z. Yang Aff. ¶4, that Tang was able to fire Shanghai Cafe employees, see Chan Aff. ¶ 25; Deng Aff. ¶ 13; Wang Aff. ¶ 12; M. Yang Aff ¶ 21; Z. Yang Aff. ¶ 14, and threatened to fire plaintiffs Wang and M. Yang, see Wang Aff. ¶ 12, M. Yang Aff. ¶ 34. Plaintiffs also assert that Tang supervised and controlled them as employees by, among other things, instructing them to clean the restaurant, see Deng Aff. ¶ 12; M. Yang Aff ¶ 36, telling plaintiffs how to serve customers, see Chan Aff. ¶ 24; Wang Aff. ¶ 12, what to cook and how it should be prepared, see Wang Aff. ¶ 12; Z. Yang Aff. ¶ 15-16, and controlled their work schedules and payment at Shanghai Cafe, see Chan Aff. ¶ 15, 19; Deng Aff. ¶ 4, 6; Wang Aff. ¶ 4-5; M. Yang Aff. ¶ 6-8, 12-13, 15-16; Gulliford Decl. Ex. F at 17:6-19:5; 22:3-21; 47:3-8.

Tang contends that he was not plaintiffs' employer because he did not own Shanghai Cafe. Tang also argues that his activities in the restaurant, described above, were mere recommendations to plaintiffs about how to perform their jobs and not managerial control, and that plaintiffs have no

- 3 -

documentary evidence, such as performance evaluations or policy manuals, that support their claim that Tang controlled the conditions of their employment. Nonetheless, a jury could find, based on plaintiffs' testimony, that Tang was plaintiffs' employer under the economic reality test. Accordingly, Tang's motion for summary judgment on that ground is denied.

Tang also argues that he is entitled to summary judgment on his defamation counterclaim against Chan and M. Yang for distributing a flier that accused Tang of stealing Shanghai Cafe employee tips, because Tang did not steal employee tips. Chan and M. Yang contend that Tang withheld their tips, see Chan Aff. ¶¶ 10-14; M. Yang Aff. ¶¶ 17-23, and thus there is a genuine dispute unsuitable for resolution by judgment as a matter of law.

Tang's motion for summary judgment (Dkt. No. 110) is denied.

### B.

Deluxe moves for summary judgment that it does not have successor liability, that Z. Yang is precluded from recovery, and that plaintiffs' claims are statutorily barred.

1.

Deluxe contends that it cannot be held liable for Shanghai Cafe's debts because it is not a successor corporation to Shanghai Cafe. Plaintiffs argue that Deluxe and Shanghai Cafe met the requirements for a de facto merger, and that there is a substantial continuity of identity between Deluxe and Shanghai Cafe.

"A de facto merger occurs when a transaction, although not in form a merger, is in substance a 'consolidation or merger of seller and purchaser.'" Cargo Partner, 352 F.3d at 45, quoting Schumacher, 451 N.E.2d at 198. A "de facto merger is 'analyzed in a flexible manner that disregards mere questions of form and asks whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor.'" Time Warner Cable, Inc. v. Networks Grp., LLC, 09 Civ. 10059 (DLC), 2010 WL 3563111, at *7 (S.D.N.Y. Sept. 9, 2010), quoting Nettis v. Levitt, 241 F.3d 186, 194 (2d Cir. 2001). To determine whether a de facto merger occurred, "courts consider (1) continuity of ownership; (2) cessation of ordinary business by the predecessor; (3) assumption by the successor of liabilities ordinarily necessary for continuation of the predecessor's business; and (4) continuity of management, personnel, physical location, assets, and general business operation." Nettis, 241 F.3d at 193-94 (applying New York law).

In opposition to Deluxe's motion, plaintiffs present evidence of each element to support finding de facto merger.

It is undisputed that Grace Lau was an owner of Shanghai Cafe, but the parties dispute whether Lau is also an owner of Deluxe: plaintiffs argue that Deluxe's undated Board of Director Minutes, Gulliford Aff. Ex. L at 1420-22, demonstrate that Lau owns 40 shares, or 20%, of Deluxe, whereas Deluxe relies on contrary documents that indicate Lau is not an owner.

There is no dispute that Shanghai Cafe ceased ordinary business in June 2010.

Plaintiffs argue that Deluxe assumed the liabilities ordinarily necessary for continuation of the Shanghai Cafe's business because Deluxe made payments on the Shanghai Cafe accounts at Con Edison for electricity, see id. Ex. N at BEA01493, at Crown for commercial garbage collection, see id., at Ecolab for kitchen equipment, see id., and at AT&T for telephone service, see id. at BEA01491. Deluxe argues that it did not assume any of Shanghai Cafe's liabilities because there was no formal transaction between the two entities by which Shanghai Cafe assigned Deluxe its rights and liabilities, and the debts satisfied by Deluxe were minimal and for generic services.

Plaintiffs also argue that there was continuity of management, personnel, physical location, assets, and general

business operation between Shanghai Cafe and Deluxe because they present evidence that Lau, Shanghai Cafe's former manager and owner, is also the manager and an owner at Deluxe, which employs at least ten employees that formerly worked for Shanghai Cafe, see Gulliford Aff. Ex. L at 178:22-179:20, that Deluxe operates out of 100 Mott Street, the same location that Shanghai Cafe previously did, uses the same equipment and supplies as Shanghai Cafe, and uses the same menu, serving the same dishes, as Shanghai Cafe.

Although Deluxe argues that plaintiffs mischaracterize the evidence, that issue is of one of factual interpretation, and there is a genuine dispute as to whether Deluxe absorbed and continued the operation of Shanghai Cafe, see Nettis, 241 F.3d at 194, as Shanghai Cafe's successor. Deluxe's motion for summary judgment on that ground is denied.

### 2.

Deluxe contends that because "there is evidence to suggest that Plaintiff Zu Guo Yang (hereinafter "Plaintiff Yang") occupied a position at Shanghai Cafe such that he can be considered an employer," Deluxe's Br. at 32, he is "barred from bringing any claims under the FLSA or New York labor laws," id.

Even if Z. Yang is an employer under federal law, Deluxe does not specify how such a finding would bar him from recovery, nor can the Court find any such authority.

The FLSA does exempt from coverage "any employee employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited . . . by regulations of the Secretary [of Labor]," see 29 U.S.C. § 213(a)(1). The regulations promulgated by the Secretary of Labor define such an employee as an employee: (1) who is "Compensated on a salary basis at a rate of not less than $455 per week," (2) "Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof," (3) "Who customarily and regularly directs the work of two or more other employees," and (4) "Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." See 29 C.F.R. §§ 541.100. The requirements are substantially similar under New York state law. See Torres v. Gristede's Operating Corp., 628 F.Supp.2d 447, 455 (S.D.N.Y. 2008).

To the extent that Deluxe seeks to argue that Z. Yang falls within the FLSA's "white collar" exemption by suggesting his claims are barred because of his status as "a manager and employer for Shanghai Cafe," Deluxe's Repl. at 17, there is no evidence that that Yang was paid on a salary basis at a rate of

$455 per week or more, or that Yang was responsible for hiring and firing other employees at Shanghai Cafe.

Deluxe's motion for summary judgment on this ground is denied.

### 3.

The FLSA covers employees of an enterprise "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)," 29 U.S.C.A. § 203(s)(1)(A)(ii).

Deluxe moves for summary judgment that Shanghai Cafe did not meet the $500,000 statutory threshold.

Plaintiffs contend that Shanghai Cafe was a cash business, see Z. Yang Aff. ¶ 6, and argue that "deposit receipts produced by Bank of East Asia demonstrate that Shanghai Cafe had annual gross sales exceeding the statutory limit of $500,000. For example, for the running twelve months prior to Shanghai Cafe's demise, from June 1, 2009 to May 31, 2010, cash deposits to Shanghai Cafe's Bank of East Asia account totaled $667,592.98," and that "Shanghai Cafe paid its vendor invoices and a majority of its wage obligations with cash from its registers," Pls' Br. at 28-29.

There is a genuine dispute as to whether Shanghai Cafe's annual sales satisfy the statutory threshold, that must be

resolved at trial. Accordingly, Deluxe's motion for summary judgment on this ground is denied.

Deluxe's motion for summary judgment (Dkt. No. 114) is denied.

So ordered.

Dated:   New York, New York
         July 26, 2013

                                        *Louis L. Stanton*
                                        LOUIS L. STANTON
                                              U. S. D. J.